Filed 2/28/23  P. v. Camacho CA2/3
Opinion on remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO JAVIER CAMACHO,<br><br>    Defendant and Appellant. | B312190<br><br>(Los Angeles County<br>Super. Ct. No. BA027667) |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Reversed and remanded with direction.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel C. Chang and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

In 1992, a jury convicted Francisco Javier Camacho of first degree murder, attempted murder, second degree robbery, and two counts of attempted second degree robbery. The jury also found true the special circumstance allegation that the murder was committed while Camacho was engaged in the commission of robbery (Pen. Code,[1] § 190.2, subd. (a)(17)) and that he personally used a firearm in the commission of the offenses (§ 12022.5, subd. (a)). He was sentenced to life without the possibility of parole, plus a consecutive five years for the section 12022.5, subdivision (a) enhancement, as well as concurrent determinate terms for the other convictions. A different panel of this Division affirmed Camacho's conviction. (*People v. Camacho* (Dec. 1, 1995, B071909) [nonpub. opn.].)

Following our affirmance, Camacho petitioned for resentencing under section 1170.95 (now section 1172.6).[2] The trial court denied his request without appointing counsel, concluding that the true findings on the special circumstance allegation precluded relief. Camacho did not timely appeal. Shortly thereafter, Camacho filed a supplemental request with the assistance of counsel, raising several new legal authorities. The trial court adhered to its decision. In May 2022, a majority

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) For consistency and to ensure that our citations are to the most current version of the resentencing statute, we will refer only to section 1172.6 for the remainder of this opinion.

panel of this court affirmed the trial court's denial of relief. (*People v. Camacho* (May 17, 2022, B312190) [nonpub. opn.].) Camacho petitioned for review.

On July 20, 2022, our Supreme Court granted review and has now transferred the matter back to this court with directions to vacate our decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).

The parties agree *Strong* requires we reverse the superior court's order denying Camacho's supplemental petition for resentencing and that this case should be remanded to the superior court for issuance of an order to show cause under section 1172.6, subdivision (c) and further proceedings under subdivision (d) of the same section. We agree.

## BACKGROUND[3]

The convictions resulted from two separate armed robberies involving multiple victims on one September night in 1990. The incidents involved Camacho and two other suspects, Petayah Little[4] and Eldridge Richardson. During the first robbery, around 10:00 p.m., Camacho and Little approached victims Allen Watkins and Wycliffe Campbell, both of whom were

---

[3] The background is from the prior opinion in this matter, *People v. Camacho*, *supra*, B312190, of which we have taken judicial notice by our own motion, and from the prior opinion addressing Camacho's direct appeal (*People v. Camacho*, *supra*, B071909), of which we have already taken judicial notice at the Attorney General's request. (Evid. Code, §§ 451, 459.)

[4] Little was under the jurisdiction of the juvenile court during the pendency of Camacho's case.

sitting in Campbell's car, which was parked in front of Campbell's family home. Camacho tapped his gun on the driver's side window and demanded money, while Little stuck his revolver in the passenger's side window. Watkins surrendered two dollars. Desiring more money, Camacho and Little marched the victims into the family home and began firing. Watkins was shot and injured. About one hour later, at a location nearby, victim Linden[5] Glave was sitting in a car when held at gunpoint by Camacho and Little. After a struggle, Glave was shot and killed. Camacho and Little ran to a waiting car. A police officer in the area heard tires screeching, and a car chase ensued. During the car chase, one suspect jumped out of the car and ran off. The pursuit continued until Richardson and Little were arrested. Camacho was apprehended two weeks later.

At trial, Camacho offered an alibi and the testimony of Little. Little testified that he committed the crimes, not with Camacho, but with " 'G.' " Regarding the murder, Little testified that G placed Glave in a chokehold and then Little shot Glave.

In rebuttal, a police officer testified that Little made a statement on the night of the offense admitting that he committed the crimes with Camacho and that Camacho shot Glave.

Relevant here, the jury was instructed with CALJIC No. 8.80.1 for the robbery-murder special circumstance. The jury was not instructed on the theory of natural and probable consequences.

---

[5] The record contains two different spellings: Linden and Lindon.

4

As previously noted, the jury convicted Camacho of first degree murder (of Glave), attempted murder (of Watkins), second degree robbery (of Watkins), and two counts of attempted second degree robbery (of Glave and Campbell). The jury found true the robbery-murder special circumstance allegation pursuant to section 190.2, subdivision (a)(17) and found true that Camacho personally used a firearm pursuant to section 12022.5, subdivision (a) in the commission of all the offenses. The trial court sentenced Camacho to life without the possibility of parole, plus a consecutive five years for the section 12022.5, subdivision (a) enhancement and ordered the determinate terms for the other convictions to run concurrently. His sentence was affirmed by this court.

In 2019, after the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), Camacho petitioned for resentencing pursuant to section 1172.6 (the 2019 petition). Without appointing counsel, the trial court summarily denied the petition. The court based its decision on the record of conviction. The court found that Camacho had failed to establish a prima facie case for relief because the jury found true the special circumstance allegation pursuant to section 190.2, subdivision (a)(17). The court also noted that the jury found the personal use of firearm allegation true. Camacho did not timely appeal.

In 2021, with the assistance of counsel, Camacho filed a supplemental request for relief under section 1172.6 (the 2021 supplemental petition). This petition sought relief only as to the murder conviction of Glave and raised new legal authority which was decided after the trial court's summary denial of the 2019 petition. The trial court again summarily denied the 2021 supplemental petition, declining to revisit its decision despite a

5

"split of authority on [the] issue." Camacho appealed, and a majority panel of this court affirmed the decision of the trial court.[6] Camacho petitioned to the California Supreme Court.

The Supreme Court granted Camacho's petition for review, and in December 2022, remanded the matter back to our court with directions to vacate our decision and reconsider the cause in light of *Strong*, *supra*, 13 Cal.5th 698. *Strong* concluded that a special circumstance finding predating *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), both of which substantially narrowed and clarified the class of defendants who are major participants acting with reckless indifference to human life during a felony, does not preclude eligibility for resentencing. As we now explain and as the People concede, remand is now required.

## DISCUSSION

Senate Bill 1437, which took effect on January 1, 2019, limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) As relevant here, Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e) which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person: 1) was the actual killer; 2) was not the actual killer, but with the intent to kill, acted as a direct aider and abettor; or 3) the person was a major participant in the underlying felony and acted with reckless

---

[6] Before reaching that conclusion, we also concluded that Camacho's 2019 petition did not procedurally bar his supplemental request.

6

indifference to human life, as described in section 190.2, subdivision (d).  (*Gentile*, at p. 842.)

Senate Bill 1437 also created a procedure whereby persons convicted of murder under a now-invalid felony-murder theory may petition for vacation of their convictions and obtain resentencing.  As relevant here, a defendant is eligible for relief under section 1172.6 if the defendant meets three conditions: 1) the defendant must have been charged with murder under a theory of felony-murder; 2) the defendant must have been convicted of first or second degree murder; and 3) the defendant could no longer be convicted of first or second degree murder because of changes to sections 188 and 189, effectuated by Senate Bill 1437.[7]  (§ 1172.6, subd. (a).)  If the petitioner makes a prima facie showing of entitlement to relief, the trial court shall issue an order to show cause (§ 1172.6, subd. (c)) and hold an evidentiary hearing at which the prosecution bears the burden of proving "beyond a reasonable doubt, that the petitioner is guilty of murder" under the law as amended by Senate Bill 1437. (§ 1172.6, subd. (d)(3).)

---

[7] To be clear, section 1172.6 also provides relief to individuals with qualifying convictions for attempted murder and manslaughter.  (See § 1172.6, subd. (a); see also Stats. 2018, ch. 1015, § 4 [amending section 1172.6 to expand scope of convictions subject to possible relief].)  Because this appeal pertains only to the 2021 supplemental petition, and that petition sought resentencing on Camacho's murder conviction only, we limit our discussion of the statute to Camacho's murder conviction.

Camacho has challenged the trial court's order denying the 2021 supplemental petition on the ground it erred when it found he was ineligible for resentencing based on the jury's robbery-murder special circumstance findings, even though they predated the Supreme Court's decisions in *Banks* and *Clark*.

In *Strong*, *supra*, 13 Cal.5th at pages 718 to 720, our high court determined that a true finding on a felony-murder special-circumstance allegation, decided before the *Banks* and *Clark* decisions, does not serve to preclude, as a matter of law, resentencing relief under section 1172.6. It reasoned that both *Banks* and *Clark* represented the type of significant change in the law traditionally found to warrant a re-examination of earlier, litigated decisions. Thus, pre-*Banks* and *Clark* special circumstance findings do not preclude relief at the prima facie stage of the resentencing procedure under section 1172.6, subdivision (c). Camacho falls within that category of cases. Therefore, pursuant to *Strong*, he is entitled to an evidentiary hearing under section 1172.6, subdivision (d)(3).[8]

---

[8] As explained above, the 2021 supplemental petition sought relief only as to the conviction for the murder of Glave, and this court's remand for further proceedings is limited to that conviction only. We express no opinion on whether (or not) Camacho's conviction for the attempted murder of Watkins, which was not challenged in the 2021 supplemental petition, is eligible for relief pursuant to section 1172.6.

8

**DISPOSITION**

The order denying Francisco Javier Camacho's 2021 supplemental petition for relief is reversed, and the matter is remanded with direction to the trial court to issue an order to show cause and to conduct an evidentiary hearing in accordance with Penal Code section 1172.6, subdivision (d)(3).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

NGUYEN (KIM), J.*

We concur:

LAVIN, Acting P. J.

EGERTON, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9